# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**NATAN TAVAREZ**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09-mj-311

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 23-year-old citizen of the Dominican Republic who is legally in the United States on a resident alien card. If convicted, he would be subject to deportation. Defendant has numerous relatives who reside in the Dominican Republic, although his immediate family is in the U.S. He is presently unemployed. He states that he uses marijuana only infrequently, although he last used it three weeks ago. He has no criminal record.

Defendant is charged with making four cocaine sales in a period of one month. In each case, (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the presence of the defendant or the safety of the community based upon the unrebutted presumption. Defendant has made 5 substantial sales of drugs to an undercover police officer in the past 3 months. He has spoken of other drug trafficking as well. Aside from the fact that he has immediate family in the area and a pregnant girlfriend, he has no substantial ties to this area sufficient to rebut either the (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 5, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **NATAN TAVAREZ**
1:09-mj-311
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

the sales were made directly to an undercover police officer (not confidential informant) in the Grand Rapids area. The sales ranged from $700 to $6,000.

Following the four sales, defendant introduced the undercover police officer to his supplier. At that time, a sale of one-half kilogram of cocaine was discussed. The drug dealers told the officer that they had just sold a kilo of cocaine in Mt. Pleasant for $38,000. On February 12, 2009, the defendant and his supplier sold a half-kilo of cocaine to the undercover officer for $16,000.

Defendant was arrested several days later. He admitted making the sales but claimed he thought the drugs were fake (the Michigan State Police crime lab has certified all the drugs as cocaine). Defendant also told authorities that while he normally split the proceeds of the sales with his supplier, he no longer had any of his own proceeds left. Upon investigation, however the authorities found a bag containing $11,000 that his girlfriend tried to hide for him with a neighbor.

Although drugs, buy money, drug paraphernalia, weapons and a bullet-proof vest were found at the supplier's home, $17,000 of the buy money has not been recovered.

**Part II - Written Statement of Reasons for Detention** - (continued)

presumption that he is a flight risk or that he is a danger to the community. This is not enough. Indeed, since he is subject to deportation if he is convicted (and the evidence against him is very strong), he appears to face a choice of serving time in prison and then being deported to the Dominican Republic, or simply fleeing there now where he has a large number of relatives, and avoiding the time in prison. Thus, I find nothing to rebut the presumption in this instance.